United States District Court
Southern District of Texas

**ENTERED**

November 17, 2020

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUNIVERSE LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 19-2331 |
| | § | |
| ENCORE CREDIT CORP., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case that has been referred the undersigned Magistrate Judge for all pretrial proceedings is Defendants' "Motion for Total Summary Judgment" (Document No. 22) and Plaintiff's Motion for Partial Summary Judgment on the Statute of Limitations (Document No. 28). Having considered the motions, the responses in opposition, the parties' additional briefing, the summary judgment evidence, and the applicable law, the Magistrate Judge concludes and recommends that Defendants' Motion for Total Summary Judgment be GRANTED in PART and DENIED in PART, and that Plaintiff's Motion for Partial Summary Judgment on the Statute of Limitations be DENIED.

## I.    Background

This is a mortgage/foreclosure case, filed by Plaintiff Suniverse LLC ("Suniverse") in state court on May 28, 2019, against a whole litany of financial institutions related to a 2006 home equity loan obtained by Carol and Isaiah Reed ("the "Reeds") on their residence, located at 818 Kings Forest Lane, Richmond, Texas 77469 (referred to hereafter as "the Property"). The case was timely

removed to this Court on the basis of diversity.

In their First Amended Complaint, filed in this Court on February 25, 2020, Suniverse alleges

that it obtained a warranty deed for the Property from Harris Houston Homes LLC on May 25, 2018,

which had, in turn, obtained a warranty deed from the Reeds on January 28, 2018.  According to

Suniverse, Defendants accelerated the loan on May 21, 2015, but did not foreclose on the Property

which secured the loan within the four year time period provided for by TEX. CIV. PRAC. REM. CODE

§ 16.0.35.  That factual allegation underlies all of Suniverse's claims in this case for: (1) declaratory

judgment; (2) to quiet title; and (3) for an equitable right of redemption.  Defendants JPMorgan

Chase Bank National Association, U.S. Bank, N.A., Successor Trustee to LaSalle Bank National

Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10,

Asset-Backed Certificates, Series 2006-HE10, Select Portfolio Servicing, Inc., and Mortgage

Electronic Registration Systems, Inc. (referred to collectively as "Defendants")[1] seek summary

judgment on those claims, arguing that the uncontroverted summary judgment evidence shows that

the May 2015 acceleration of the Note was rescinded/abandoned, and that there is no summary

---

[1] Suniverse filed suit against: (1) Encore Credit Corp. d/b/a ECC Credit Corporation of Texas; (2) LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2006-HE10; (3) JPMorgan Chase Bank National Association; (4) U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset-Backed Certificates, Series 2006-HE10; (5) Select Portfolio Servicing, Inc.; and (6) Mortgage Electronic Registration Systems, Inc.  On August 7, 2020, Plaintiffs filed a Notice of Dismissal as to Encore Credit Corp. d/b/a ECC Credit Corporation of Texas and LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2006-HE10, neither of which had been served (Document Nos. 23 & 24).  As referred to herein, "Defendants" includes only JPMorgan Chase Bank National Association; U.S. Bank, N.A., Successor Trustee to LaSalle Bank National Association, on behalf of the Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset-Backed Certificates, Series 2006-HE10; Select Portfolio Servicing, Inc.; and Mortgage Electronic Registration Systems, Inc.

judgment evidence, whatsoever, that Suniverse has tendered or offered to tender the amounts due

on the Note such that it could prevail on an equitable redemption claim.  Suniverse essentially

responds and argues in its Cross Motion for Partial Summary Judgment on Statute of Limitations

that notwithstanding the March 12, 2019 written rescission of the acceleration, Defendants continued

to treat the Note as though it had been accelerated, and that  the "non-waiver" provision(s) in the

Deed of Trust render Defendants' rescission of acceleration ineffectual.


**II.      Summary Judgment Standard**

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(a).  The moving party must initially "demonstrate the absence of

a genuine issue of material fact." *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). Once the

moving party meets its burden, the burden shifts to the nonmovant, "who must, by submitting or

referring to evidence, set out specific facts showing that a genuine issue exists" and that summary

judgment should not be granted. *Norwegian Bulk Transport A/S v. International Marine Terminals

Partnership*, 520 F.3d 409, 412 (5th Cir. 2008); *see also Morris v. Covan World Wide Moving, Inc.*,

144 F.3d 377, 380 (5th Cir. 1998).[2]  A party opposing a properly supported motion for summary

judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions

that a fact issue exists will not suffice. *Celotex*, 106 S. Ct. at 2548.  Instead, "the nonmoving party

---

[2] Where "the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008).

must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris*, 144 F.3d at 380.

In considering a motion for summary judgment, all reasonable inferences to be drawn from both the evidence and undisputed facts are be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price- Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing *Matsushita*, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." *Anderson*, 106 S. Ct. at 2513.

III.    **Discussion**

The undisputed facts show that the Reeds, in September 26, 2006, took out a home equity loan in the amount of $528,000.00 on the Property. The Note was between Encore Credit Corporation as lender and Carol Reed as borrower. (Document No. 22-2 at 7-12). To secure the obligations under the Note, a Deed of Trust was executed by the Reeds in favor of Encore Credit Corporation, with Mortgage Electronic Registration Systems, Inc. ("MERS") identified as the nominee for lender and the beneficiary of the Deed of Trust. (Document No. 22-2 at 14-36). The Deed of Trust was filed in the Fort Bend County property records on October 3, 2006. (Document No. 22-2 at 36). On July 19, 2007, MERS, as nominee for lender, assigned the Note and Deed of Trust to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset

Backed Securities I-LLC, Asset-Backed Certificates, Series 2006-HE10 (sealed Document No. 26-5 at 1-2).  That assignment was recorded in the Fort Bend County records on August 27, 2007 (sealed Document No. 26-5 at 3).   On September 25, 2006, MERS made a corrective assignment of the Note and Deed of Trust to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I-LLC, Asset-Backed Certificates, Series 2006-HE10 (sealed Document No. 26-6 at 1-2).   That corrective assignment was recorded in the Fort Bend County property records on October 6, 2008.  (sealed Document No. 26-6 at 3).  U.S. Bank, acknowledged by Suniverse to be the successor to LaSalle National Bank, is the current holder of the Note. *See* Declaration of Sherry Benight, Document Control Officer for Select Portfolio Servicing, Inc. (Document No. 22-2 at 3)[3].  The Note is endorsed in blank (Document No. 22-2 at 12).  Prior to June 1, 2013, JPMorgan Chase Bank was the loan servicer.  Servicing of the loan was transferred on June 1, 2013, to Select Portfolio Servicing, Inc. ("SPS")  (Document No. 22-2 at 38-40).  Consequently, U.S. Bank is the current holder of the Note and SPS is the current loan servicer.  Chase Bank National Association has no current connection to either the Note or the Deed of Trust.

On November 4, 2014, SPS sent Carol Reed a Notice of Default (Document No. 22-2 at 43-46).  That Notice advised Reed that she had until December 4, 2014, to cure the default by paying the outstanding balance of $568,059.71, and that if she failed to cure the default "the Noteholder [would] accelerate all payments owing on [the] Note and require that [she] pay all payments owing and sums secured by the Security Instrument in full." (Document No. 22-2 at 44.)   On May 21, 2015, SPS, through its attorney, sent Reed a Notice of Acceleration. That Notice of Acceleration

---

[3] Suniverse acknowledges that U.S. Bank is the successor in interest to LaSalle National Bank, but does not admit that U.S. Bank is, or has been shown to be, the holder of the Note.

advised Reed that:

> Because of default in payment of the monthly mortgage payments due under the Note, the Mortgagee has elected to ACCELERATE the maturity of the debt and declares all sums due under the Note immediately due and payable without further demand, and is proceeding to foreclose in accordance with Tex. Const. Art. XVI, § 50(a)(50)(D) and under the terms of the Security Instrument.

(Document No. 22-3 at 6).  Close to two years later, on May 11, 2017, SPS filed in state court an "Application for an Expedited Order under Rule 736," seeking an Order for expedited foreclosure. *See* Business Records Affidavit of Shapiro Schwartz LLP (Document No. 22-3 at 3).  The state court granted that application on August 21, 2017.  (Document No. 22-2 at 48-50).  SPS, however, did not thereafter foreclose on the property, and on March 12, 2019, sent the Reeds a "Notice of Rescission of Acceleration of Note," stating therein that

> Pursuant to Texas Civil Practice and Remedies Code § 16.038, the owner of the Note, in the original principal amount of $528,000.00 dated September 25, 2006, secured by a lien on the property located at 818 Kings Forest Lane, Richmond, TX 77469, (the "Note") hereby rescinds all previous notices of acceleration of the Note. This notice does not waive past defaults on the Note nor does it waive or affect the Note owner's right to accelerate the maturity of the Note in the future.

(Document No. 22-3 at 10).  That Notice of Rescission of Acceleration of Note was sent to both Carol and Isaiah Reed at the Property address.  SPS also sent Carol Reed, on March 13, 2019, a letter offering to enter into a new repayment plan (Document No. 22-2 at 52-65). That proposed repayment plan contained a substantially lower interest rate (5% as opposed to the 10.55% in the original Note), and gave Carol Reed until April 6, 2019 to accept the offer.  That offer was not expressly accepted by Carol Reed, nor were any payments made on the Loan.  Declaration of Sherry Benight (Document No. 22-2 at 4).  At the time the repayment plan was offered to Carol Reed, 138 months (over eleven years) of loan payments had not been made (Document No. 22-2 at 59)

On March 28, 2019, counsel for SPS sent Carol Reed a new Notice of Acceleration and Posting (Document No. 22-3 at 13-14), along with a Notice of Trustee's Sale, setting the Property for sale on May 7, 2019 (Document No. 22-3 at 15-20).   That foreclose sale did not occur as scheduled.  Suniverse filed this lawsuit on May 28, 2019.  As set forth above, Suniverse obtained a warranty deed to the Property from Harris Houston Homes LLC on May 25, 2018 (Document No. 25-3).  Harris Houston Homes LLC had, in turn, obtained a warranty deed from the Reeds on January 27, 2018 (Document No. 25-2).  As of August 25, 2019, the total amount due on the loan was $1,429,950.74 (Document No. 22-2 at 67).[4]

The statute of limitations issue is the central issue in this case, and is key to Suniverse's declaratory judgment and quiet title claims.  Suniverse maintains that the lien on the Property is void because the Note was accelerated in May 2015, and foreclosure did not occur within four years of that date.  Defendants respond, and argue in their Motion for Summary Judgment, that the limitations period did not, and has not, expired based on the written rescission of acceleration that was provided to the Reeds on March 12, 2019.  Suniverse, in turn, responds by pointing to loan statements Carol Reed received from SPS in February, March and April of 2019 (sealed Document Nos. 26-7, 26-8 and 26-9), indicating that the Note remained accelerated.  Suniverse also points to the "non-waiver" provisions in the Deed of Trust, which state:

---

[4] That total due amount is comprised of:

| | |
|---|---|
| Unpaid principal balance: | 525,613.55 |
| Interest calculated to August 25, 2019: | 631,788.83 |
| Escrow/Impound Advance Balance: | 229,303.28 |
| Loan Level Advance Balance: | 24,207.96 |
| Interest on Advances: | 19,028.12 |
| Recording Fee | 9.00 |

11.  **Borrower Not Released; Forbearance by Lender Not a Waiver.**
Extension of the time for payment or modification of amortization of the
sums secured by this Security Instrument granted by Lender to Borrower or
any Successor in Interest of Borrower shall not operate to release the liability
of Borrower or any Successors in Interest of Borrower.  Lender shall not be
required to commence proceedings against any Successor in Interest of
Borrower or to refuse to extend time for payment or otherwise modify
amortization of the sums secured by this Security Instrument by reason of any
demand made by the original Borrower or any Successors in Interest of
Borrower.  Any forbearance by Lender in exercising any right or remedy
including, without limitation, Lender's acceptance of payments from third
persons, entities or Successors in Interest of Borrower or in amounts less than
the amounts then due, shall not be a waiver of or preclude the exercise of any
right or remedy.

(Document No. 22-2 at 22-23).

Section 16.035 of the Texas Civil Practice and Remedies Code, which governs foreclosure

proceedings on a real property lien, provides for a four year statute of limitations, as follows:

A person must bring suit for the recovery of real property under a real property lien
or the foreclosure of a real property lien not later than four years after the day the
cause of action accrues. . . . On the expiration of the four-year limitations period, the
real property lien and a power of sale to enforce the real property lien become void.

For a note with an optional acceleration clause, a cause of action accrues under § 16.035 when the

"holder actually exercises its option to accelerate" by providing first a notice of intent to accelerate

and then a notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566

(Tex. 2001).  But, "[a] note holder who exercises its option to accelerate may 'abandon acceleration

if the holder continues to accept payments without exacting any remedies available to it upon

declared maturity.'" *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st

Dist. 2012, no pet.)  (quoting *Holy Cross*, 44 S.W.3d at 566-67).  Acceleration may also "be

abandoned by agreement or other action of the parties," with there being no requirement of a written

agreement.  *Khan*, 371 S.W.3d at 353, 356; *see also Clawson v. GMAC Mortgage, LLC*, No. 3:12-

CV-00212, 2013 WL 1948128 * 4 (S.D. Tex. May 9, 2013) (Texas law "does not preclude a note

holder from abandoning acceleration without express agreement from the borrower."). Section

16.038 of the Texas Civil Practices and Remedies Code, which was effective in June 2015, also now

provides for written notice of rescission of acceleration, and is considered the better course by which

a note holder or servicer can abandon acceleration.  Section 16.038 provides:

> a) If the maturity date of a series of notes or obligations or a note or obligation payable in installments is accelerated, and the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note, obligation, or series of notes or obligations shall be governed by Section 16.035 as if no acceleration had occurred.
>
> (b) Rescission or waiver of acceleration is effective if made by a written notice of a rescission or waiver served as provided in Subsection (c) by the lienholder, the servicer of the debt, or an attorney representing the lienholder on each debtor who, according to the records of the lienholder or the servicer of the debt, is obligated to pay the debt.
>
> (c) Service of a notice under Subsection (b) must be by first class or certified mail and is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.
>
> (d) A notice served under this section does not affect a lienholder's right to accelerate the maturity date of the debt in the future nor does it waive past defaults.
>
> (e) This section does not create an exclusive method for waiver and rescission of acceleration or affect the accrual of a cause of action and the running of the related limitations period under Section 16.035(e) on any subsequent maturity date, accelerated or otherwise, of the note or obligation or series of notes or obligations.

TEX. CIV. PRAC. REM. CODE § 16.038 (eff. June 17, 2015).  When abandonment or rescission of

acceleration occurs, by whatever method, "the statute of limitations period under § 16.035(a)

cease[s] to run . . . and a new limitations period [ ] begins." *Boren v. U.S. Nat'l Bank Ass'n*, 807

F.3d 99, 106 (5th Cir. 2015).

Here, both sides argue that summary judgment is warranted in their favor on the limitations issue.  According to Defendants, the May 2014 acceleration of the Note was abandoned by virtue of both the written rescission of acceleration notice it sent to the Reeds, as well as the repayment plan offer it made to Carol Reed.  Suniverse in contrast, argues that any attempt by Defendants to abandon acceleration was ineffective because Defendants, at all relevant times, considered the Note accelerated, as reflected the in the loan statements the Reeds received in February, March and April of 2019.

Defendants are entitled to summary judgment on the limitations issue because the summary judgment evidence does not raise a genuine issue of material fact as to whether Defendants' rescission of acceleration was effective.  The written rescission, dated March 12, 2019, clearly expressed Defendant SPS's intent to abandon the May 21, 2015 acceleration of the Note.  As set forth above, that March 12, 2019 notice clearly and unequivocally stated, as allowed for under Section 16.038 of the Texas Civil Practice and Remedies Code, that "all  previous notices of acceleration of the Note" were rescinded (Document No. 22-3 at 10).  Suniverse argues by reference to three loan statements, from February 12, 2019, March 15, 2019, and April 12, 2019, which contain the following language: "**This account has been accelerated, which means all outstanding amounts are due**" (sealed Document Nos. 26-7, 26-8 and 26-9), that the rescission of acceleration was not effective.  Those three statements and the language contained therein may "muddy the waters," but they do not, and cannot, override SPS's express and clear intent, on March 12, 2019, to abandon the May 2015 acceleration.  The February 12, 2019, loan statement pre-dates the March 12, 2019 rescission of acceleration notice and therefore does not evidence any intent on the part of

Defendants on or after March 12, 2019.  The April 12, 2019 loan statement post-dates the March 12,

2019 rescission of acceleration notice, but it also post-dates the subsequent acceleration on March

28, 2019.    As for the March 15, 2019 loan statement, while it is dated after the rescission of

acceleration notice (March 12, 2019), and after SPS sent correspondence to Carol Reed (March 13,

2019) offering her a repayment plan, it does not raise a genuine issue of material fact on whether

Defendants intended to abandon the May 21, 2014 acceleration.

In determining whether acceleration was abandoned for purposes of the four year limitations

period in section 16.035 of the Texas Civil Practice and Remedies Code, it is the Defendants' intent

that is key.  *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 633 (Tex. App.–Houston

[14th Dist.] 2019) ("Intent is the critical element, and its manifestation must be unequivocal.").  Here,

because that intent is expressed in the March 12, 2019, written notice of rescission that comported

with section 16.038 of the Texas Civil Practice and Remedies Code, and because the February,

March and April 2019 loan statements submitted by Suniverse do not raise a genuine issue of

material fact on that intent, *see e.g., Sexton v. Deutsche Bank Nat'l Trust Co*., 731 F. App'x 302,

305-308 (5th Cir. 2018) (finding that regardless of the ambiguities in the monthly loan statements,

the repayment plan agreements and notices of default and intent to accelerate sent to the borrower

evidenced and "'unequivocally manifested' the bank's intent to abandon" the prior acceleration), the

March 12, 2019 rescission/abandonment of acceleration was effective.  As a consequence of that

rescission/abandonment of acceleration, the four year statute of limitations was re-set on March 12,

2019, and has not expired.

As for Suniverse's non-waiver argument, it simply does not apply.  Under the terms of the

Deed of Trust, any forbearance given to the Borrower is not to be construed as a waiver of any of

the Lender's rights.  Suniverse's argument – that Defendants cannot rely on their offer to accept less

than the full accelerated amount as evidence of their abandonment of acceleration – finds no support

in the terms of the Deed of Trust or in any applicable case law.  *See Sexton*, 731 F.App'x at 306

("The non-waiver provision in the Sexton's security instrument does not affect whether the bank may

abandon a prior acceleration by inconsistent conduct; instead, the provision informs that, if the bank

exercises forbearance upon default, it would not be prevented from later exercising the right to

accelerate and foreclose."); *Williams*, 2020 WL 824111 at *7 ("Deutsche Bank is permitted to

abandon an existing acceleration despite the existence of a non-waiver clause in the deed of trust.").[5]

In addition, here, in any event, it is not Defendants' offer to accept less than the full accelerated

amount that evidences Defendants' abandonment of the May 2014 acceleration; it is the express

rescission of acceleration as well as the separate, express, offer to Carol Reed of a new repayment

plan that evidences Defendants' abandonment of the May 2014 acceleration.   As both of those

express actions on Defendants' part fully support the conclusion that Defendants abandoned the May

2014 acceleration in March 2019, Plaintiff's Motion for Partial Summary Judgment on Statute of

Limitations (Document No. 28) must be DENIED.  In addition, premised on that conclusion relative

to the statute of limitations issue, Defendants' Motion for Total Summary Judgment (Document No.

22) should, for the reasons that follow, be GRANTED in PART and DENIED in PART.

---

[5] Suniverse cites *Hardy v. Wells Fargo Bank, N.A.*, 2014 WL 7473762 (Tex.
App.–Houston [1st Dist.] 2014) and *In re Merkle*, 574 B.R. 641, 652-53 (W.D. Tex. 2017) for the
proposition that the non-waiver provisions in the deed of trust affected the lender's ability to
abandon its acceleration of the note. Neither case stands for that broad proposition.  In both
cases, the lender alleged that acceleration was abandoned by its acceptance of payments that were
less than the ful accelerated amount.  Here, there were no payments made following the May
2014 acceleration, and, as set forth above, Defendants expressly rescinded the May 2014
acceleration of the Note.

### A.    Declaratory Judgment Claim

In its First Amended Complaint, Suniverse seeks a declaration "specifying Plaintiff's and Defendants' rights and duties in connection with the Deed of Trust." (Document No. 19 at 8).  That broad request for declaratory relief is primarily based on Suniverse's allegations and argument that the statute of limitations has expired, rendering the Deed of Trust unenforceable.  It is also based on Suniverse's allegations and argument that U.S. Bank has not been shown to be the current holder of the Note and that there is no summary judgment evidence about how U.S. Bank acquired physical possession of the Note.

With regard to the statute of limitations issue, it has been resolved, above, and cannot provide a basis for any declaratory relief in Suniverse's favor.  As to Defendant's "holder" statue, the summary judgment evidence in the record shows that the Note was endorsed by Encore Credit Corp., the original lender, in blank (Document No. 22-2 at 12).  While there is no date on that endorsement, there is summary judgment evidence in the record that "U.S. Bank, N.A. ("US Bank") is the current owner of the endorsed-in-blank note" and that SPS, the mortgage servicer "is in physical possession of the endorsed-in-blank note."  *See* Declaration of Sherry Benight (Document No. 22-2 at 3).  That summary judgment evidence as to the holder of the Note and the party who has physical possession of the Note[6] has not been controverted by Suniverse with any summary judgment evidence of its

---

[6] Under Texas law, "[i]f an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a '"blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." TEX. BUS. & COM. CODE ANN. § 3.205(b).  When a note is endorsed in blank, the person or entity with possession of the endorsed-in-blank note is "entitled to collect on it." *Kiggundu v. Mortg. Elec. Registration Sys. Inc.*, 469 F. App'x 330, 331 (5th Cir. 2012); *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 835 (5th Cir. 2014) ("Under Texas law, a bank in possession of a note indorsed in blank is entitled to collect on it.").

own.  Consequently, Suniverse's "holder" allegations and argument cannot provide a basis for any

declaratory relief in Suniverse's favor, and its declaratory judgment claim should be dismissed.

>       **B.       Quiet Title Claim**

Based on the same statute of limitations and holder allegations and argument, Suniverse

seeks to "quiet title" to the Property, "voiding all documents on file indicating any interest in any

Defendant in the Property pursuant to the Deed of Trust, subsequent assignments thereof,

appointment of substitute trustee documents, and voiding any interest in the name of any Defendant

in the Property."  First Amended Complaint (Document No. 19) at 9.

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the

invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d

366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one

under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal

title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517,

531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383,

1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific

property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although

facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV,

2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, a quiet

title claim requires the plaintiff to supply "the proof necessary to establish his superior equity and

right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of

his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45

S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove

and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, for the reasons set forth above, Suniverse's statute of limitations and note "holder" arguments do not, and have not, raised a genuine issue of material fact on Defendant U.S. Bank's status as the owner of the Note, SPS' physical possession of the endorsed-in-blank Note, or Defendants' timely abandonment of the May 2014 acceleration of the Note. As such, Suniverse has not raised a genuine issue of material fact on an essential element of its quiet title claim – that Defendants' claim to the Property is invalid or unenforceable. Summary judgment is, therefore, also warranted in Defendants' favor on the quiet title claim.

### C.      Redemption Claim

Suniverse alleges in its First Amended Complaint a claim for equitable redemption, which is based on its allegations that it "is the legal owner of the Property;" it "would suffer a loss of ownership and the right to possession and control of the Property if Defendants SPS and US Bank are allowed to foreclose on the Property;" and that it "is ready, able or willing to redeem the Property in controversy by paying off the amount of valid and subsisting liens to which the Property is subject." First Amended Complaint (Document No. 19) at 10.

An equitable redemption claim has three elements: (1) that the plaintiff has an equitable or legal right to the Property at issue; (2) that the plaintiff would suffer a loss from foreclosure; and (3) that the plaintiff is "ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject." *Scott v. Dorothy B. Schneider Estate Tr.*, 783 S.W.2d 26, 28 (Tex. App. 1990). Here, there is summary judgment evidence in the record to support each of these three elements. Suniverse has an interest in the Property by virtue of the May 2018 warranty deed it obtained from Harris Homes, LLC, and it would

suffer a loss from foreclosure on the Property.  In addition, there is a Declaration from Vinh Truong, manager of Suniverse, in which he states that he "is ready, willing and able to tender the payoff amount of the lien to SPS and US Bank before any foreclosure sale takes place" and that he is "ready, willing, and able to pay off the lien as of June 3, 2020 in the amount of $1,480,334.98." (Document No. 25-4 at 1).

Despite this summary judgment evidence in the record, Defendants maintain that summary judgment is warranted on Suniverse's equitable redemption claim because Suniverse has not "tendered" all the amounts due, and that such a tender is a prerequisite to the maintenance of an equitable redemption claim.  While here are cases that support Defendants' position, *see Familglia Fatta LLC v. Ocwen Loan Servicing*, Civil Action No. 4:18-CV-1147, 2019 WL 3892368 *4 (S.D. Tex. Aug. 19, 2019) ("To establish that a party is ready, willing, and able to redeem, the party seeking to redeem a property must demonstrate that it tendered money in the redemption amount."), there are also cases that support Suniverse's position that it is only required to offer summary judgment evidence of its ability, readiness, and willingness to pay the amounts due on the Property. *See Ther & Company, LLC v. U.S. Bank, N.A.*, Civil Action No. H-18-2916, 2019 WL 5684226 *4 (S.D. Tex. Oct. 31, 2019) ("the declaration [by plaintiff's manager that plaintiff 'was ready, willing, and able to pay off the lien as of October 30, 2018] creates an issue of fact that prevents the court from granting summary judgment on Ther & Co.'s equitable redemption claim").  Based on the summary judgment evidence in the record, in the form of Vinh Truong's declaration, that Suniverse is able, ready and willing to pay the amounts due on the Note, which is the proof that must be made to satisfy the elements of an equitable redemption claim under Texas law, the undersigned concludes, as the Court did in *Ther & Company*, that summary judgment should be denied on Suniverse's

equitable redemption claim.

## IV.    Conclusion and Recommendation

Based on the foregoing and the conclusion that the four-year statute of limitations did not, and has not, expired, and that there is no genuine issue of material fact that would preclude summary judgment for Defendants on Plaintiff's declaratory judgment and quiet title claims, but that there is sufficient summary judgment evidence to support Plaintiff's equitable redemption claim, the Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment (Document No. 28) be DENIED, that Defendants' Motion for Total Summary Judgment (Document No. 22) be GRANTED in PART and DENIED in PART, with summary judgment being granted in Defendants' favor on Plaintiff's declaratory judgment and quiet title claims, and denied on Plaintiff's equitable redemption claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written

objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 17th day of November, 2020.

Frances H. Stacy
United States Magistrate Judge